# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ELITE NURSE STAFFING, INC. | ) |
| | ) |
| Plaintiff/Garnishor, | ) |
| | ) |
| v. | ) Case No. 2:10-cv-04210-NKL |
| | ) |
| AM. CAS. CO. OF READING, PA., | ) |
| | ) |
| Defendant/Garnishee. | ) |
| | ) |
| | ) |

## ORDER

Before the Court is a Motion to Remand [Doc. # 4] filed by Plaintiff/Garnishor Elite Nurse Staffing, Inc. ("Elite"). For the following reasons, the Court grants the motion.

**I.    Background**

On May 3, 2010, Elite obtained a judgment in the underlying state case, *Elite Nurse Staffing, Inc. v. Danny J. Latham & ABOVO Staffing, LLC*, No. 08BA-CV03778 (Cir. Ct. Boone County, Mo., filed July 21, 2008). [Doc. # 12, Ex. 1.] On June 9, 2010, Elite filed an action for equitable garnishment under Mo. Rev. Stat. § 379.200, but later dismissed that action and filed this separate garnishment action pursuant to Mo. Rev. Stat. § 525.010. Defendant/Garnishee American Casualty Company of Pennsylvania ("ACCORP") had agreed that it would accept service via regular U.S. mail in this second action.

On July 19 or 20, 2010, while simultaneously dismissing without prejudice its equitable garnishment action, Elite filed a form entitled

"Execution/Garnishment/Sequestration Application and Order" in the Circuit Court of Boone County. [Doc. # 12, Ex. 5.] According to Defendant's Exhibit 5, this document contained the following information: Plaintiff's name, Plaintiff's attorney's name and contact information, the case number of the underlying suit (which is the same case number as this garnishment action), the original amount of judgment of $994,480, the date the judgment was entered against the debtor, ACCORP's name, the name and address of the debtor ABOVO Staffing, the reasons for garnishment, and a return date of thirty days. *Id.* This Garnishment Application and Order also contained a "Summons to Garnishee" which "notified" ACCORP that Plaintiff had attached its property and provided "further notifi[cation] to file your answers to the interrogatories served within ten days after the above return date." *Id.* Finally, the Garnishment Application and Order indicated that service was "by mail," with "Service Acknowledged By: Gibbs Pool and Turner, P.C." *Id.*

However, a small box on the same form, entitled "Writ of Execution (To be completed by Court Clerk)" had not been completed. *Id.* The missing information – later to be provided by the Court Clerk on August 30, 2010 – consisted of: the county of issuance, the execution number, the date issued, the return date, and the Clerk's signature. *Id.*

On July 28, 2010, counsel for Defendant ACCORP filed an entry of appearance and the answer to Plaintiff's garnishment interrogatories. [Doc. # 12, Ex. 6.] ACCORP did not file its notice of removal until September 24, 2010.

In its Motion to Remand, Plaintiff Elite initially argued that Defendant's removal was untimely because the Boone County Clerk of Court was late in issuing the Writ of Execution.

In its Reply, however, Plaintiff conceded that ACCORP's notice of removal may have been timely from a "Legal/Technical" perspective. [Doc. # 18 at 2.] Nonetheless, Elite urged the Court to consider "equitable principles" because ACCORP "admits that it answered plaintiff's garnishment interrogatories on July 28, 2010." *Id.* At oral argument, Plaintiff clarified that Defendant was on notice of the present garnishment action for a period of more than thirty days before it filed its notice of removal, and therefore removal was untimely under the federal statute.

## II.     Discussion

The Court lacks jurisdiction over this diversity case if it was not removed in accordance with the federal removal statute. That statute provides, in relevant part: "The notice of removal in a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Thus, before the thirty-day period for removal commences, § 1446(b) plainly requires that a defendant receive (1) a copy of the initial pleading (2) through service or otherwise. *Id.*

### A.     The Initial Pleading

The Court must first determine whether Defendant ACCORP received a copy of the initial pleading in this garnishment action more than thirty days before it filed its notice for removal on September 24, 2010. To make this determination, both parties cite to *Hayes v. Pharmacists Mut. Ins. Co.*, 276 F. Supp. 2d 985 (W.D. Mo. 2003). The *Hayes* court

concluded that in the garnishment proceeding there, "the Writ of Garnishment qualified as that document" identified as the initial pleading in § 1446(b), and "the proceeding is removable if upon its service it contains the information necessary to determine that federal jurisdiction exists." 276 F. Supp. 2d at 988-89. Judge Smith arrived at that conclusion by analyzing the information contained in the "Writ of Garnishment" which was filed in that case:

> The Writ puts the garnishee on notice of the proceeding, identifies the opposing party, sets forth the basis for the proceeding, and specifies the amount sought. Consistent with Missouri law, the Writ also warns the garnishee that failure to respond may expose it to liability for the full amount sought. Thus, the writ effectively commences the proceedings just as a complaint/petition would; both documents identify the claimant, the basis for the claim and (in most cases) the amount sought.

*Id.* at 988. In fact, the document referred to as a "Writ of Garnishment" in *Hayes* was a single form nearly identical to the single form at issue here. [No. 03-0491-CV-W-ODS, Doc. # 12, Ex. 1.] The only difference was that in *Hayes* the small box entitled "Writ of Execution/Writ of Garnishment" had apparently already been filled out by the clerk before it was ever served on the defendant, and service was effected by the Cole County Sheriff rather than by mail. *Id.*

Other courts have taken similar approaches to the statute's reference to "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). For example, in New York, where plaintiffs are allowed to initiate an action with a short notice stating the nature of the action, only later to be followed by a full complaint, federal courts have generally held that the notice commences the thirty-

4

day period for removal. *See*, *e.g.*, *Figueroa v. Kim*, 813 F. Supp. 267 (S.D. N.Y. 1993); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) ("conclud[ing] that a summons with notice may serve as an initial pleading under section 1446(b)"). In *Figueroa*, the court reasoned:

> The summons with notice received by defendants states plaintiffs' address and declares the amount in controversy. While defendants' address is not stated, this is not required because defendants can be taken as knowing the state of which they are citizens. Because this document provided defendant with notice that the action was removable, it constitutes an initial pleading under § 1446(b).

813 F. Supp. at 269 (internal quotations and citations omitted). Similarly, within the Third Circuit, "[t]he inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." *Rowe v. Marder*, 750 F. Supp. 718, 721 (W.D. Pa. 1990), *aff'd* 935 F.2d 1282 (3d Cir. 1991).

In another garnishment action, a Kansas district court found that "the Order of Garnishment served on [garnishee] . . . provided it with adequate notice that a potentially removable claim was being asserted against it." *Wichita Fed. Sav. & Loan Ass'n v. Black*, No. 89-1089-K, 1989 WL 60141, at *2 (D. Kan. May 10, 1989). *Black* relied on the Tenth Circuit's reasoning: "The manifest purpose of starting the period for removal from the date of service of the 'initial pleading' is to enable the defendant to intelligently ascertain removability from the face of such initial pleading . . . ." *Id.* (quoting *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957)). Because "the Order of Garnishment not only stated that Wichita Federal was seeking an amount in excess of the . . . jurisdictional amount in diversity

5

cases, [but] also designated the civil action underlying the garnishment," the garnishee "was fully apprised of the nature of this civil action and the diverse citizenship . . . ." *Id.*

Here, the Court must determine whether the Garnishment Application and Order, in its initial July 2010 state, informed the reader whether all of the elements of federal jurisdiction were present. As in *Black*, this document stated the amount sought (well in excess of the jurisdictional amount in diversity case) and cited the civil action underlying the garnishment (the same case number as the present action), thus apprising ACCORP of the nature of this civil action and the diverse citizenship. In addition, as in *Hayes*, the July 20 Garnishment Application and Order warned the garnishee that failure to respond could expose it to liability:

> You are notified that I attach all goods, personal property, money, credit, bonds, bills, notes, checks, choices in action, or other effects and all debts owed to the above named debtor that are in your possession or charge or under your possession or charge or under your control from this time until the return date or a sufficient sum to satisfy the total amount of garnishment shown above. You are further notified to file your answers to the interrogatories served within ten days after the above return date.

[Doc. # 12, Ex. 5.] Having been put on notice, ACCORP's counsel filed an entry of appearance and the answer to Plaintiff's garnishment interrogatories on July 28. [Doc. # 12, Ex. 6.] However, ACCORP failed to file its notice of removal until September 24, almost sixty days later. Plaintiff therefore concludes that Defendant's removal was not timely.

Defendant ACCORP admits that its notice of removal was not filed until September 24, but argues that the Plaintiff's application for garnishment could not be an initial pleading under federal law because Judge Smith in *Hayes* had found that the issuance of the writ of

6

garnishment was the initial pleading. However, Judge Smith in *Hayes* held that the writ was the initial pleading in that case because it gave the defendant all the information needed to be on notice that the garnishment was removable to federal court. Indeed, there was no other document for Judge Smith to consider because the application and the writ were on the same paper. Judge Smith never found that the writ had to be issued before the garnishment action commenced. That issue was not before him and there was no need for him to address the question.

Defendant ACCORP also suggested at oral argument that the state court had no jurisdiction over the garnishment action under the Missouri Rules of Civil Procedure, and so there could have been no initial pleading until the Writ of Execution was issued on August 30, 2010. Defendant cites the Missouri Rules of Civil Procedure: "The garnishee shall be served with summons and the writ of garnishment." Mo. R. Civ. P. 90.03(a). Yet this rule does not provide that the state court has no jurisdiction over the garnishment action until both the summons and the writ are served on the garnishee. The Defendant ACCORP had agreed to accept service of process by mail and had notice of all the same information that was provided to the defendant in *Hayes*.

Here, the Court finds that the Boone County Circuit Court maintained jurisdiction over case number 08BA-CV03778 even as the garnishee ACCORP was joined. Although the Writ of Execution was not issued until August 30, 2010, ACCORP's counsel entered its appearance and filed its answer to Plaintiff's garnishment interrogatories on July 28 – two months before it contends the state court acquired jurisdiction over the matter. The writ did

7

not act as a talisman to endow the Boone County Court with jurisdiction; rather, the state court exercised its jurisdiction over case number 08BA-CV03788 during the underlying suit and while Defendant entered its appearance and filed its answer. The ministerial act of the Boone County Clerk, filling in the writ box nunc pro tunc, did not vest jurisdiction only then on August 30 in the Boone County Court, which is a court of general jurisdiction.

"The question whether a civil action is removable and has been properly removed is one for the consideration of the federal courts and is not controlled by State law." *Stoll v. Hawkeye Cas. Co. of Des Moines Iowa*, 185 F.2d 96, 99 (8th Cir. 1950). So long as the state court had jurisdiction over case number 08BA-CV03788 – which it did – the Court must look to federal law to determine whether the July 20, 2010 Garnishment Application and Order constituted "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). For the reasons stated above, that document did provide sufficient notice of the diverse jurisdiction, and therefore qualified as the initial pleading in this case.

### B. Service of the Initial Pleading

The only remaining issue under § 1446(b) is whether Defendant ACCORP received the copy of the initial pleading "through service or otherwise." 28 U.S.C. § 1446(b). In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* the U.S. Supreme Court interpreted this statutory language, explaining: "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to

8

participate in a civil action or forgo procedural or substantive rights." 526 U.S. 344, 351 (1999).

Here, Defendant ACCORP's Exhibit 5 – the same Garnishment Application and Order – shows that it received the "Summons" on July 20, 2010. [Doc. # 12, Ex. 5.] That document also indicates that service was "by mail," with "Service Acknowledged By: Gibbs Pool and Turner, P.C." *Id.* It is uncontested that ACCORP had agreed to accept service of process by mail. Therefore, the second requirement for the removal period to commence was also satisfied on July 20, 2010.

Because ACCORP did not file its notice of removal until September 24, 2010, its removal was untimely and the Court has no jurisdiction over this diversity case. Therefore, the Court must remand the action to state court.

### III. Conclusion

Accordingly, it is hereby ORDERED that the Motion to Remand [Doc. # 4] filed by Plaintiff Elite Nurse Staffing, Inc., is GRANTED and the case is remanded to the Circuit Court of Boone County, Missouri.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 20, 2010  
Jefferson City, Missouri